No. 917

STATE ex CRABBE v. COLUMBUS (City) et

Ohio Appeals, 2nd Dist., Franklin Co.

Decided May 28, 1926

606. HIGHWAYS—Where a city has maintained an asphalt plant, used exclusively in repair of its city highways for a long period of time and then purchases a sand dryer for said plant out of funds received from Gasoline Tax, said purchase is lawful under 5537 GC.

865. OFFICERS & OFFICES—Official may use own discretion as to the expenditure of money derived from Gasoline Tax, as long as the money spent is for the repair of highways.

KUNKLE, J.

The original action was brought by the State to enjoin the city of Columbus from purchasing a machine called a sand dryer, from funds apportioned to it under the Gasoline Tax law.

The city admitted the purchase but also set up that it had maintained for years an asphalt plant used exclusively for the maintenance of its city highways and that said machine was to be used in connection with said plant.

The state demurred to the city's answer but was overruled by the trial court and not pleading further, judgment was rendered in favor of the city. Upon error being prosecuted, the Court of Appeals held:

1. The question bears upon the construction of the Gasoline Tax law and from a perusal thereof it is evident that the legislature intended to confine the expenditures from said fund exclusively and solely to highway maintenance and repair.

2. However, there is no limitation placed upon officials as to the manner in which said fund is to be disbursed except that all of it must be used for road maintenance and repairs.

3. It follows that reasonable discretion may be allowed city officials and as long as all equipment bought is for the maintenance and repair of highways and as long as there is no misappropriation of the funds or lack of good faith, it is not for the courts to interfere.

Judgment affirmed.

Attorneys—C. C. Crabbe, Atty. Gen., and W. E. Benoy for State; C. A. Leach, City Atty., and M. B. Gessaman for City; all of Columbus.

No. 918

LEONARDI y. LEONARDI

Ohio Appeals, 7th Dist., Lake Co.

Decided Sept. 1, 1925

615. HUSBAND & WIFE—The so called married woman's statutes do not abrogate the Common Law principal that the wife cannot recover from the husband for personal injury received through his negligence.

POLLOCK, J.

Mayme Leonardi brought this action in the Lake Common Pleas against B. C. Leonardi, her husband to recover for personal injuries received by her through the alleged negligent operation of his automobile. B. C. Leonardi filed a demurrer stating that by the Common Law rule the wife could not recover for injuries caused by the husband's negligence. Mrs. Leonardi not wishing to plead further, the action was dismissed.

Upon error, it was not contended by her that she could maintain her action at common law; but that the rule has been abrogated by statute calling particulor attention to 11245 GC. which is in part: "A married woman shall sue and be sued as if she were unmarried."

Error was prosecuted, and the Court of Appeals held:

1. Sec. 11245 GC. does not purport to give any new grounds of recovery for the wife but only to allow the wife to maintain an action in her own name which prior to the Code must have been brought in the joint name of husband ann wife.

2. The Code refers to the property relations of husband and wife and does not enlarge the right of either against the other for personal injuries.

3. Nowhere has the legislature of this state changed the common law principal preventing the husband from recovering for a tort of the wife committed upon him, non-liabilty remaining as it always was.

4. And in the absence of direct legislation it is not to be presumed that her common law disability to recover from the husband for an injury caused by his negligence would be removed without giving the husband the same legal right.

5. Therefore until the Legislature does so express its intentions the wife cannot maintain such an action against the husband.

Judgment affirmed.

Attorneys—Giblin & Giblin, Painesville, for M. V. Leonardi; and Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for B. C. Leonardi.